IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JERRY ROLLINS OGLESBY, :
   Petitioner, :
:
v. : CIVIL ACTION NO.:CV214-162
:
GREG NOBLES, SHERIFF STEVE :
SIKES, TOM DURDEN, :
:
   Respondents. :

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jerry Oglesby ("Oglesby"), who is currently housed at the Ware County Jail in Waycross, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Oglesby also filed a motion to proceed *in forma pauperis*. For the reasons which follow, Oglesby's motion is **DENIED** and his petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Oglesby asserts that he was arrested for making terroristic threats and acts and has been imprisoned falsely. Oglesby contends that his rights to due process and of equal protection have been violated. Oglesby seeks his immediate release from detention. Oglesby alleges that a minor child has been held under a custody order for over two (2) years' time. It appears that this minor child is not related to Oglesby.

## DISCUSSION AND CITATION TO AUTHORITY

I.   **Section 2254**

When a state prisoner challenges the "'fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.'" Harden v. Pataki, 320 F.3d 1289, 1294 n.6 (11th Cir. 2003) (quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). However, Plaintiff must exhaust his available state remedies before a federal court can address these claims. 28 U.S.C. § 2254(c).

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839-40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established

2

appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) & (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

Oglesby has not shown an absence of available State corrective process or that the State has waived the exhaustion requirement. To the extent Oglesby's pleading can be construed as a section 2254 petition (he seeks his immediate release from detention), any such petition should be **dismissed** based on his failure to exhaust his

AO 72A
(Rev. 8/82)

available state court remedies. It is clear that Oglesby has not exhausted his available state court remedies.

## II. 42 U.S.C. § 1983

The Supreme Court has held:

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). According to the Heck Court, "when a state prisoner seeks damages in a [civil rights] suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. at 487. If this is the case, the plaintiff's complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. A district court must determine whether "plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Id. (emphasis in original). To have success on his false imprisonment, due process, and equal protection claims, Oglesby would have to show that the charges against him have been dismissed or that any conviction on those charges has been overturned, neither of which has occurred. Oglesby's section 1983 claims should be **dismissed**, as he has not met the prerequisites to proceed pursuant to § 1983.

4

III. **Child custody issue**

Article III of the United States Constitution limits the power of federal courts to adjudicating actual "cases" and "controversies." U.S. CONST. art. III, § 2, cl. 1. The most significant case-or-controversy doctrine is the requirement of standing. See Georgia State Conference of NAACP Branches v. Cox, 183 F.3d 1259, 1262 (11th Cir. 1999). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Nat'l Alliance for Mentally Ill, St. Johns Inc. v. Bd. of Cnty. Comm'rs of St. Johns Cnty., 376 F.3d 1292, 1294 (11th Cir. 2004) (citing Warth v. Seldin, 422 U.S. 490, 498 (1975)). The party who invokes federal jurisdiction must establish that it has standing to assert its claim. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). "There are at least three distinct forms of standing: taxpayer standing, individual standing, and organizational standing." St. John's, 376 F.3d at 1294 (citations omitted). "To establish standing under any one of these, a party must 'demonstrate that he has suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision.'" Id. at 1295 (quoting Bennett v. Spear, 520 U.S. 154, 162 (1997)).

As Oglesby has not shown that he has suffered any injury in fact based on alleged actions occurring in a child custody case, this portion of Oglesby's pleadings should be **dismissed**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Oglesby's pleading, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 24th day of November, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)